**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK**

---

PATRICIA ELIZABETH SKERRITT,

                Plaintiff,

      v.                                              No. 1:13-CV-663
                                                       (GLS/CFH)

THE COUNTY OF GREENE, et al.,

                Defendants.

---

**CHRISTIAN F. HUMMEL
U.S. MAGISTRATE JUDGE**

| **APPEARANCES:** | **OF COUNSEL:** |
|---|---|
| Office of Eugene B. Nathanson<br>40 Exchange Place<br>Suite 2010<br>New York, New York 10005<br>Attorneys for Plaintiff | EUGENE B. NATHANSON, ESQ. |
| Cook, Tucker Law Firm<br>85 Main Street<br>P.O. Box 3939<br>Kingston, New York 12401<br>Attorneys for Defendants | MICHAEL T. COOK, ESQ. |

## MEMORANDUM-DECISION AND ORDER

Plaintiff brought this action alleging that while she was detained at the Greene County jail as a pre-trial detainee, she was subjected to sexual abuse and harassment. Dkt. No. 1 ("Compl."). On July 24, 2013, defendants Gregory Seely, Laura Doe, Michael Spitz, Corrections Sergeant Rubino, Mary Ranger, and the County of Greene answered. Dkt. No. 5. On September 18, 2013, defendant Donald Schermerhorn filed an answer. Dkt. No. 9.

**I. Background**

On June 12, 2015, plaintiff filed a notice of acceptance of offer of judgment pursuant to Rule 68 of the Federal Rules of Civil Procedure ("Fed .R. Civ. P.") allowing plaintiff to take judgment in the matter for $50,001.00 plus costs and reasonable attorney's fees to the date of the offer. Dkt. No. 32. The offer of judgment was made by defendants Seely, Doe, Spitz, Rubino, Ranger, and the County of Greene. Dkt. No. 32. On June 25, 2015, judgment was entered in favor of plaintiff against defendants County of Greene, Seely, Spitz, Rubino, Ranger, and Doe in the amount of $50,001.00 plus costs and reasonable attorney's fees accrued to the date of the offer. Dkt. No. 34.

On June 19, 2015, plaintiff filed a motion pursuant to Fed .R. Civ. P. 54(d)(1) and 42 U.S.C. § 1988 seeking an award of attorney's fees and costs in the amount of $82,625.84. Dkt. No. 33. On July 2, 2015, plaintiff filed an amended motion for attorney's fees and costs. Dkt. No. 35. On July 20, 2015, defendants Rubino, Doe, Ranger, Seely, Spitz, and the County of Greene filed an opposition to plaintiff's amended motion for attorney's fees and costs. Dkt. No. 36.

On July 20, 2015, the parties filed a notice, consent, and reference of plaintiff's amended application for attorney's fees and costs to a magistrate judge. Dkt. No. 37. On July 24, 2015, Chief Judge Gary Sharpe signed an order referring plaintiff's amended motion for attorney's fees and costs to this Court for entry of a final order. Dkt. No. 38.

**II. Discussion**

In addressing the appropriate hourly rate for attorneys, the Supreme Court and the Second Circuit have held that "the lodestar—the product of a reasonable hourly rate and the reasonable number of hours required by the case—creates a 'presumptively reasonable fee.'" Millea v. Metro-North R.R. Co., 658 F.3d 154, 166 (2d Cir. 2011) (quoting Arbor Hill Concerned Citizens Neighborhood Ass'n v. Cty. of Albany, 522 F.3d 182, 183 (2d Cir. 2008)) (additional citation omitted). To calculate an attorney's reasonable hourly rate, a court is to "attempt to approximate 'the market rates prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation[.]'" Green v. City of New York, 403 F. App'x 626, 629 (2d Cir. 2010) (quoting Gierlinger v. Gleason, 160 F.3d 858, 882 (2d Cir. 1998)) (internal quotation marks omitted). Generally, the Court is to use "the prevailing hourly rate in the district where it sits to calculate . . . the 'lodestar[.]'" Arbor Hill Concerned Citizens, 522 F.3d at 183. In determining what a reasonable client would pay, the Court should consider:

> the complexity and difficulty of the case, the available expertise and capacity of the client's other counsel (if any), the resources required to prosecute the case effectively (taking account of the resources being marshaled on the other side but not endorsing scorched earth tactics), the timing demands of the case, whether an attorney might have an interest (independent of that of his client) in achieving the ends of the litigation or might initiate the representation himself, whether an attorney might have initially acted *pro bono* (such that a client might be aware that the attorney expected low or non-existent remuneration), and other returns (such as reputation, etc.) that an attorney might expect from the representation.

Osterweil v. Bartlett, No. 1:09-cv-825, 2015 WL 1066404, at *5 (N.D.N.Y. Mar. 11, 2015) (D'Agostino, J.) (quoting Arbor Hill Concerned Citizens, 522 F.3d at 184).

In considering a fee application, the Court must examine the particular hours worked

-3-

by an attorney with a view to the value of that work to a client's case. Echevarria v. Insight Medical, P.C., No. 13 Civ. 3710(KPF), 2015 WL 1931284, at *2 (S.D.N.Y. Apr. 29, 2015). However, courts may reduce from the lodestar hours that are "excessive, redundant, or otherwise unnecessary," and consequently are not reasonable. See Hensley v. Eckerhart, 461 U.S. 424, 434 (1983).

A party seeking an award of attorney's fees must support its claim by accurate, detailed, and contemporaneous time records. N.Y. State Ass'n for Retarded Children, Inc. v. Carey, 711 F.2d 1136, 1147-48 (2d Cir. 1983). To demonstrate that a fee request is reasonable, "a party seeking an attorney's fees award 'must support that request with contemporaneous time records that show, for each attorney, the date, the hours expended, and the nature of the work done.'" Kingvision Pay-Per-View, Ltd. v. Castillo Restaurant Corp., No. 06-CV-00617 (RJD)(KAM), 2007 WL 841804, at *6 (E.D.N.Y. Jan. 16, 2001) (quoting Cablevision Sys. N.Y.C. Corp., No. 01CIV.4340GELFM, 2002 WL 31045855, at *5 (S.D.N.Y. July 10, 2002)) (additional citation omitted).

### A. Reasonable Hourly Rate

This District has recently held that hourly rates for the most experienced attorney may reach up to $345. See e.g. Neroni v. Coccoma, No. 3:13-cv-1340 (GLS/DEP), 2014 WL 3866307, at *3-4 (N.D.N.Y. Aug. 6, 2014) (awarding fees of $295 per hour for work performed by a partner); Jimico Enters. Inc. v. Lehigh Gas Corp., No. 1:07-CV-0578 (GTS/RFT), 2014 WL 1239030, at *6 (N.D.N.Y. Mar. 25, 2014) (awarding fees of $300 per hour for work performed by a partner); Broad. Music, Inc. v. DFK Entm't, LLC, No. 1:10-cv-1393, 2012 WL 893470, at *7 (N.D.N.Y. Mar. 15, 2012) (applying a rate of $270 per hour for

a partner). Many courts that have addressed attorney's fees have not distinguished between partners and experienced attorneys who are not partners; however, others have carved out an "experienced attorney" rate awarding $210 per hour for attorneys with significant experience. See Legends Are Forever, Inc. v. Nike, Inc., No. 3:12-CV-1495 (LEK/DEP), 2013 WL 6086461, at *4 (N.D.N.Y. Nov. 18, 2013) (citations omitted).

Plaintiff's attorney, Eugene Nathanson, has been admitted to practice in New York State for over thirty years. Dkt. No. 35-1 at 1-2. Mr. Nathanson has extensive experience performing trial work particularly in the area of civil rights litigation. Id. at 1-3. Attorney Nathanson has served as lead counsel, and in effect, a partner in this matter. Mr. Nathanson's request for $275 is within the prevailing rates in this District. In addition, Mr. Nathanson shall be compensated at $137.50 per hour for travel, which is in keeping with this District's practice of reimbursing travel time at 50% of the hourly rate. See e.g., Clark v. Phillips, 965 F. Supp. 331, 336 (N.D.N.Y. 1997).

Attorney DeYoung has been admitted to practice in New York State for over thirty years. Dkt. No. 35-2 at 1-2. Ms. DeYoung also has extensive experience handling civil rights litigation. Id. Ms. DeYoung has requested to be compensated at a rate of $275 per hour. However, Mr. Nathanson, rather than Ms. DeYoung, acted as lead counsel in this litigation. As Ms. DeYoung is an experienced attorney, the Court finds that $240 an hour is a reasonable hourly rate for the work she performed in this matter. Ms. DeYoung shall be compensated at $120 per hour for travel time.

### B. Reasonable Hours

Once the Court determines the reasonable hourly rate, it must then conclude

whether the number of hours expended were reasonable.  In reducing the total number of hours awarded, "a district court may exercise its discretion and use a percentage deduction as a practical means of trimming fat from a fee application[.]"  <u>McDonald ex rel Prendergast v. Pension Plan of the NYSA-ILA Pension Trust Fund</u>, 450 F.3d 91, 96 (2d Cir. 2006) (internal quotation marks and citation omitted).  In reviewing a fee application, the Court should review the hours of counsel "with a view to the value of the work product of the specific expenditures to the client's case" and if it "concludes that any expenditure of time was unreasonable, it should exclude these hours" from the fee calculation.  <u>Luciano v. Olsten Corp.</u>, 109 F.3d 111, 116 (2d Cir. 1997); <u>see</u> <u>also</u> <u>Hines v. City of Albany</u>, Nos. 14-2299-cv(L), 14-4045-cv (XAP), 2015 WL 3479820, at *2 (2d Cir. June 3, 2015).

Defendants raise a number of challenges to the hours billed by plaintiff's attorneys.  Dkt. No. 36.  Defendants correctly contend that, on a number of occasions, each of plaintiff's attorneys has billed for the same activity.  Dkt. No. 36-2.  For example, the time records of Attorney Nathanson contain a June 6, 2013 entry for 5.50 hours for meeting with plaintiff and his father.  Dkt. No. 35-3.  The time records of Attorney DeYoung contain an entry of 5.50 hours for a June 6, 2013 meeting with client and "EBN."  Dkt. No. 35-5 at 1.  A comparison of plaintiff's attorney time records reveals twenty-one separate occasions on which each attorney billed for the identical activity.  <u>See</u> Dkt. No. 36-2.  Given the extensive experience of both plaintiff's attorneys, there was no need for two attorneys to participate in each of these activities.  On review of this duplication of billing time, the Court will reduce the award of hours to each attorney by 10%.

Defendants further contend that plaintiff's attorney billing records lack the required detail and specificity.  Billing records must specify the date, hours expended, and the nature

of the work performed.  Meriweather v. Coughlin, 727 F. Supp. 823, 827 (S.D.N.Y. 1989). The billing records submitted by plaintiff's attorneys meet that standard as they specify the date a legal service was provided, the work performed, and the amount of time expended. As such, defendants request that any award of attorney's fees be reduced based on a lack of specificity on the billing records is denied.

Defendants have also objected to the length of time spent by plaintiff's attorneys on performing certain activities.  Dkt. No. 36 at 3-8.  The Court has reviewed each of the objected-to billing entries and finds that the charges are reasonable.

Attorney Nathanson has requested 196.03 hours at a rate of $275 per hour.  He has also requested 21.91 hours of travel time.  The Court has reduced each request by 10% to reflect that he and Ms. DeYoung billed for many of the same activities.  Mr. Nathanson is awarded 176.4 hours at a rate of $275 for a fee of $48,510.00.  In addition, Attorney Nathanson is awarded $2,710.12 for travel time based on 19.71 hours at a rate of $137.50 per hour.  The total attorney's fee awarded to Nathanson is $51,220.12.

Ms. DeYoung has requested that she be awarded attorney's fees for legal work performed for 75.62 hours.  The Court has reduced that request by 10% to reflect that she and Attorney Nathanson billed for many of the same legal services.  Ms. DeYoung is awarded 68.1 hours at a rate of $240 per hour for a fee of $16,344.00.  In addition, Attorney DeYoung is awarded 17.4 hours for travel time at a rate of $120 per hour for an additional fee of $2,088.00.  The total fee award to DeYoung is $18,432.00.

### C. Expenses

Plaintiff has submitted a list of expenses incurred in the prosecution of this action

totaling $2,182.65. Dkt. No. 35-4. Defendants have raised a series of objections to those expenses including counsel's decision to rent a car on one occasion rather than travel by train. They further contest the fact that plaintiff rented a hotel room in Albany following a lengthy mediation session in Albany. Defendants also contend that any expenses incurred in retaining a private detective should be disallowed or reduced based upon plaintiff's decision to hire an investigator based in Albany County rather than Greene County. Dkt. No. 36-7 at 1. As plaintiff's attorney's offices are not located in the Albany area, the decision to rent a car on one occasion and to stay in a hotel one night are clearly reasonable. The decision to retain a private investigator in Albany County rather than Greene County is also reasonable particularly given that the County of Greene is a defendant in this action. The Court has reviewed the remainder of defendants' objections to plaintiff's expenses and finds they lack merit.

Accordingly, plaintiff is awarded expenses in the amount of $2,182.85.

### III. Conclusion

**WHEREFORE**, for the foregoing reasons, it is hereby **ORDERED** that:

1. Attorney Nathanson is awarded attorney's fees in the amount of $51,220.12;

2. Attorney Nathanson is awarded costs and disbursements in the amount of $2,182.85;

3. Attorney DeYoung is awarded attorney's fees in the amount of $18,432.00; and it is further

**ORDERED** that the Clerk of the Court provide a copy of this Memorandum-Decision and Order to the parties.

**IT IS SO ORDERED.**

Dated: October 6, 2015
      Albany, New York

Christian F. Hummel
U.S. Magistrate Judge